THE DISTRICT COURT FOR TULSA COUNTY
STATE OF OKLAHOMA



JEFFERSON D. SELLERS

**ROBERT RUDY an individual**

    Plaintiff

v.

**SEAL SMART LLC a foreign corporation**

    Defendant

Case No. CJ-2015-04256

DISTRICT COURT
FILED
NOV 18 2015
SALLY HOWE SMITH, COURT CLERK
STATE OF OKLA. TULSA COUNTY

**PETITION**

**COMES NOW**, the Plaintiff by and through his attorney of record David R. Blades and for his cause of action shows as follows:

1. The Defendant is a business entity doing business in Oklahoma that provides sealant services for concrete, wood and masonry.

2. Plaintiff is a resident of the State of Oklahoma.

3. On or about June 25th 2015 the Defendant hired the Plaintiff as a lead man for a crew provided sealant services in Oklahoma and particularly Tulsa County.

4. That prior to employment with the Defendant that Plaintiff was employed earning approximately $22.89 per hour on a 40 hour a week. He was also paid overtime and received health and dental benefits.

5. While the Plaintiff was employed he was approached by agents/employees of the Defendant and offered a position as a Lead man where he would operate a truck with one or more helpers.

6. The position required that the Plaintiff and his crew were to apply sealant to wood and concrete for the Defendant's customers.

**EXHIBIT 1**

7. The Plaintiff accepted the offer and relocated to Oklahoma in June of 2015.

8. When the Plaintiff reported for work he discovered that there were not enough customers in Oklahoma so that the Defendant could provide him with a truck, a team and a full-time job as was promised.

9. The Plaintiff contends that when he was induced into to accept the offer of employment the Defendant only had leads for jobs not actual orders.

10. The Plaintiff understands that at the time the Plaintiff was offered employment with the Seal Smart the Defendant knew that very few of the leads had been converted to actual orders.

11. Management and other employees of the Defendant told the Plaintiff, that prior to offering Rudy a job, the salesman that had generated the leads had left employment with the Defendant prior to obtaining actual orders from these leads.

12. As a result, when the Plaintiff reported for work there were few if any work orders to fill; and the Defendant did not assign him as a full time lead man with a truck.

13. The Plaintiff attempted to do some part-time duties for the Defendant which even including trying to convert some of the aforementioned leads into actual orders. However, the Defendant denied him the opportunity to perform any sales duties.

14. On or about August 2nd 2015 agents of the Defendant told the Plaintiff that there was not any work for him and he should "just move on".

15. At all times the Defendants actions were intentional or done with reckless disregard of the Plaintiff's rights.

## Count I

### Fraudulent Misrepresentation and/or Concealment in hiring

16. The Plaintiff incorporates paragraphs 1-15 by reference herein.

17. The Defendant made material misstatements to the Plaintiff concerning the offering of employment. Particularly, the Defendant made assertions as to the amount of orders for concert sealant services in Tulsa County.

18. The Defendant knew the statements were false with the intention that the Plaintiff should act on them.

19. The Plaintiff acted with reliance on the Defendant's assertions to his detriment.

## Count II

### Negligent Misrepresentation

20. The Plaintiff incorporates paragraphs 1-19 by reference herein.

21. The Defendant owed a duty to the Plaintiff to act reasonably in making him a job offer.

22. The Defendant made a material misrepresentation to the Plaintiff.

23. The Defendant either knew of the misrepresentation or should have known of the falsity of the assertions.

24. That the Defendant intended the misrepresentations to induce action on the part of the Plaintiff.

25. That the injury resulted to the Plaintiff he acted in reasonable reliance on the Defendant's assertions.

**WHEREFORE,** the Plaintiff prays for judgment against the Defendant for lost wages, front pay; compensatory damages, punitive damages; all in excess of the amount required for diversity ($75,000) pursuant to *28 USC § 1332* the costs of the action and other relief the court deems just and equitable.

Respectfully submitted,

DAVID R. BLADES OBA 15187
7170 SOUTH BRADEN AVE STE 140
TULSA, OKLAHOMA 74136
(918) 493-6464